The testator executed his will in 1981, leaving all of his estate to his second wife, to whom he was then married. At the time, he had two children from a previous marriage who are not mentioned in the will. In 1984, the appellee, Jack Gray, was born. In 1989, the testator divorced his second wife, Jack's mother. The testator never executed another will. Upon the testator's death, Jack petitioned the court for a share of the testator's estate. The probate court held that he was entitled to receive a share.
Section 43-8-91, Ala. Code 1975, "Pretermitted children," provides, in pertinent part:
 "(a) If a testator fails to provide in his will for any of his children born or adopted after the execution of his will, the omitted child receives a share in the estate equal in value to that which he would have received if the testator had died intestate unless:
 ". . . .
 "(2) When the will was executed the testator had one or more children and devised substantially all his estate to the other parent of the omitted child. . . ."
The main opinion relies upon the confluence of (a) the existence of more than one child at the time the testator executed his will and (b) a devise of his entire estate to his then wife, who would later bear the pretermitted child. Of course, the children then in being were the result of the union of the husband and his first wife.
Section § 43-8-2, Ala. Code 1975, provides:
 "(a) This chapter shall be liberally construed and applied to promote its underlying purposes and policies.
 "(b) The underlying purposes and policies of this chapter are:
 "(1) To simplify and clarify the law concerning the affairs of decedents; *Page 1052 
 "(2) To discover and make effective the intent of a decedent in the distribution of his property."
The Commentary to § 43-8-91 states:
 "The general principle upon which this section is based is the same as the principle supporting former § 43-1-9 (1975). That principle is to preclude unintentional pretermission of a child. . . ."
The legislature created an exception to the rule permitting an omitted child to inherit when, at the time of the execution of the will, the testator, as a parent of one or more children, devises substantially all his estate to "the other parent of the omitted child." § 43-8-91(a)(2). The only rational basis for such an exception is an intent to deny relief to a child then in being who is omitted from the will and whose other
parent, under the terms of the will, is entitled to a devise and to whom, ostensibly, the omitted child can look for an inheritance. Also, without such an exception, an omitted child born after the execution of the will could inherit in the face of a testator's decision to favor the other parent of his then existing children to the exclusion of such children. In light of this circumstance, there is no reasonable basis on which to suggest that, had the testator executed a new will after Jack's birth, he would have been disposed to treat Jack any differently than the children he had previously excluded.
The result reached in the main opinion assumes the testator intended to bestow an inheritance on the second wife, notwithstanding the possibility of additional children and to the exclusion of any such children, at a time when the testator had no children whatsoever by his second wife. I believe that we should read the reference in § 43-8-91(a)(2) to "one or more children" in context with the additional reference to "theother parent of the omitted child" so as to reach the rational result of restricting the class of "one or more children" referred to in the statute to those children in the marriage of the testator and the other parent of any omitted child. (Emphasis added.) If we construe the statute as the main opinion does, we ignore the reality that the testator's role as a parent in the circumstance described in the statute must exist in concert with another parent in an existing marital relationship. We therefore must read into the statute the consequence of such reality, so that the reference to the "testator hav[ing] one or more children" must embrace the concept of a testator having one or more children with another parent. In so doing, we avoid reading the reference to "the other parent of the omitted child" in an unnatural isolation, devoid of context. We also comport with the legislative command to "liberally construe and appl[y] [the chapter] to promote its underlying purposes and policies." § 43-8-2(a).
Any other construction would reach an absurd result, which we are compelled to avoid. See Abramson v. Hard,229 Ala. 2, 7, 155 So. 590, 593 (1934) (" `Another occasion for construing a statute is where uncertainty as to its meaning arises not alone from ambiguity of the language employed, but from the fact that giving a literal interpretation of the words will lead to such unreasonable, unjust or absurd consequences as to compel a conviction that they could not have been intended by the legislature.'" (quoting 25 R.C.L. 959)). I would therefore read the exception set forth in § 43-8-91(a)(2) as inapplicable to this proceeding because, at the time of the execution of the will, there was no "other parent of an omitted child" or, in other words, the testator had no parenting relationship with the devisee and therefore no basis to assume from the terms of his will *Page 1053 
an attitude of favoring her to the exclusion of their
children.
BOLIN and PARKER, JJ., concur.